**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **JOHN J. DUFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 5:11cv103** |
| **v.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **By: Michael F. Urbanski** |
| **Commissioner of Social Security,** | ) | **United States District Judge** |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION</u>**

This social security appeal was referred to the Honorable James G. Welsh, United States

Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a

recommended disposition. The magistrate judge filed a report and recommendation on

November 30, 2012, recommending that the Commissioner's motion for summary judgment be

denied, that plaintiff's motion for summary judgment be granted, and that this case be remanded

to the Commissioner for further proceedings. No objections were filed to the report and

recommendation. In recommending a remand in this case, the magistrate judge concluded that

the Administrative Law Judge ("ALJ") failed to evaluate whether plaintiff's mental health

condition met or equaled Listing 12.07, concerning somatoform disorders. While it is indeed

true that the ALJ did not do any analysis as to whether plaintiff's impairments met the 12.07

somatoform listing, the absence of such an analysis reflects no failing on the ALJ's part, as the

issue of Listing 12.07 or a somatoform disorder was not raised during the administrative

proceeding, nor is there evidence in the record to suggest the existence of a somatoform disorder.

Plaintiff Duff, having failed to raise the issue during the administrative proceedings as to

whether his impairments met or equaled the 12.07 somatoform listing, cannot raise the issue for

the first time on appeal to the district court. <u>Huckabee v. Richardson</u>, 468 F.2d 1380, 1381 (4th Cir. 1972) ("Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's decision is supported by substantial evidence."). As such, the report and recommendation of the magistrate judge recommending remand to the Commissioner for the purposes of conducting a 12.07 somatoform listing review is not adopted.

However, remand is appropriate in this case for consideration of the application of Listing 12.02, Organic Mental Disorders. The record contains evidence of Duff's 1991 closed head injury and subsequent mental impairments, yet the Commissioner did not evaluate Duff's application under Listing 12.02. As the court cannot determine from the record whether substantial evidence supports the Commissioner's decision not to apply this listing, this case must be remanded for consideration of disability under that listing.

As such, an Order will be entered **GRANTING** plaintiff's motion for summary judgment (Docket #12), **DENYING** the Commissioner's motion for summary judgment (Docket #14), and **REMANDING** this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent herewith.

## I.

Pursuant to 28 U.S.C. § 636(b)(1), the "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Federal Rule of Civil Procedure 72(b) provides the parties with an opportunity to file written objections to the proposed findings and recommendations, but neither party filed objections in this case. Rule 72(b)(3) provides that the "district judge must determine <u>de novo</u> any part of the magistrate judge's disposition that has been properly objected to." While the text of the rule is silent as to

2

the obligation of the court if no objection is made, the advisory committee notes that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Advisory Committee Notes to Fed. R. Civ. P. 72 (citing Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).  In Thomas v. Arn, 474 U.S. 140 (1985), the Supreme Court had occasion to address the issue, and stated as follows:

> The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

474 U.S. at 154.  Thus, even absent an objection, the court retains the ability to review sua sponte a magistrate judge's report and recommendation.  The court believes that the particular facts of this case present an appropriate occasion to review the magistrate judge's report and recommendation notwithstanding the absence of an objection.

## II.

In this case, the magistrate judge recommends that the case be remanded for an evaluation as to whether Duff's impairments meet Listing 12.07, concerning somatoform disorders.  Somatoform disorders are "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms."  20 C.F.R. Pt. 404, Subpt. P, App. 1.  The court has reviewed the entire administrative record in this case, and it does not appear that Duff suggested to the Commissioner at any time during the disability review process that he was disabled due to a somatoform disorder.  Rather, in his disability application filings, Duff claims disability based on depression, head injury and headaches.  (See, e.g., R. 171, 214-15.)  In his

3

request for reconsideration of the denial of disability benefits, Duff told the Commissioner that he disagreed with the denial of his application for benefits as follows: "Because of my depression and headaches, I do not sleep well at night and cannot concentrate during the day. I have crying spells and can't get motivated to do anything, I have recently started having blackout spells again." (R. 62.) Similar complaints are reflected in the disability determinations performed by the state agency physicians. (R. 235-44, 245-54, 255-65, 266-76.) Consistent with Duff's complaints, the state agency physicians evaluated his disability application under Listings 12.02 Organic Mental Disorders, 12.04 Affective Disorders, and 12.09 Substance Addiction Disorders. There is no mention of Listing 12.07 or a somatoform disorder.

Duff's treating primary care physician, Samuel Hostetter, M.D., did not diagnose him with a somatoform disorder. Rather, the medical records from Dr. Hostetter note Duff's history of a closed head injury, chronic headaches, mood disorder, anger management issues and diminished executive functioning. (R. 402-09.) On December 30, 2010, Dr. Hostetter wrote Duff's counsel stating that he believed Duff to be capable of light or sedentary work, but noting "I believe John's work limitations are mainly due to poor attentive span and difficulty with executive function and impulse control. This is due to a closed head injury and subsequent coma suffered in an MVA in 1991." (R. 435-36.)

Nor do evaluations by mental health providers reflect a somatoform diagnosis. Becky Snead, LPC, CSAC, at the Valley Community Services Board made the following diagnostic impressions concerning Duff on February 11, 2010: "Axis I: Alcohol dependence in early remission, Mood disorder NOS, Amphetamine dependence in full sustained remission. . . . Axis III: Traumatic brain injury." (R. 420.) Dr. Ashraful Haq, a staff psychiatrist at the Valley Community Services Board developed working diagnoses of Duff on May 19, 2008 as follows:

4

"Axis I: Major Depressive Disorder, recurrent mild . . . Alcohol Abuse, in early partial remission . . . R/O PTSD. Axis II: Borderline Intellectual Functioning . . . . Axis III: History of seizure disorder, weight loss." (R. 356.) Licensed Clinical Psychologist ("LCP") Joseph J. Cianciolo, Ph.D., performed a psychological assessment of Duff on November 5, 2009 and reached similar diagnoses. (R. 359-61.) So far as the court can determine, there is no mention in the medical records, reports or evaluations of these treating or consulting sources of a somatoform disorder.

No mention was made at the administrative hearing of a somatoform disorder or Listing 12.07 by Duff or his counsel. (R. 28-48.) Likewise, none of the six letters written by Duff's counsel to the Social Security Administration Office of Disability Adjudication and Review enclosing additional medical records mention Listing 12.07 or a somatoform disorder. (R. 64-65, 66-67, 68-69, 414, 455, 438.) Again, the arguments reflected in the letters appropriately focused on the issues reflected in the records attached to the letters. The issues raised by counsel in these letters, depression, headaches, head injury and syncopal episodes (blackouts), were all addressed in the ALJ's decision. Significantly, after the ALJ issued his decision, Duff's counsel wrote the Appeals Council on June 7, 2011. In that letter, Duff's counsel argues that the ALJ failed to consider Duff's impairments in light of Listing 12.02, concerning organic mental disorders. No mention of 12.07, the somatoform disorder listing, was made.

Duff argues for the first time on appeal that the ALJ failed to evaluate him under Listing 12.07. In support of his argument, Duff cites his long-standing complaints of depression and headaches and his episodes of syncope, noting principally the medical records of treating primary care physician Dr. Hostetter and the psychological assessment performed by LCP Cianciolo. While Dr. Hostetter treated Duff for depression, headaches and blackout spells, the

court cannot find any reference in his records to a somatoform disorder. In his assessment dated December 30, 2010, Dr. Hostetter concludes, albeit with limitations, that Duff can do light or sedentary work. (R. 435-36.) Likewise, in his psychological assessment, LCP Cianciolo guardedly concludes that Duff is "capable of performing simple and repetitive tasks." (R. 361.) Indeed, there is no medical opinion in the administrative record indicating that Duff is precluded from all work.

In his decision, the ALJ considered all of Duff's impairments, including his depression, syncopal spells and past head injury. (R. 12.) The ALJ cannot be faulted for failing to address these symptoms in light of Listing 12.07, as the record contains no medical evidence of a diagnosis of a somatoform disorder nor did Duff argue the application of this listing during the administrative process. Remand on these grounds would not be appropriate. Administrative consideration of Social Security disability claims ought not require the Commissioner to address a moving target.

## III.

While the court cannot agree that this case should be remanded for an evaluation of Listing 12.07, the court concludes that a remand is nonetheless warranted. Throughout the record, evidence abounds concerning Duff's closed head injury in 1991 and subsequent mental difficulties. The state agency physicians evaluated Duff's application under Listing 12.02, Organic Mental Disorders. But the ALJ did not. Nowhere in his decision does the ALJ evaluate Duff's impairments in light of Listing 12.02. Duff argued to the Appeals Council that his mental impairments equal Listing 12.02 (R. 127-131), but the Appeals Council denied review.[1] (R. 1-6.)

---

[1] While the Appeals Council's denial of review does not mention Listing 12.02 specifically, the court recognizes that the Appeals Council is not required to explain its reasons for denying review. Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011).

6

It is not the court's job to determine whether Duff's condition meets or equals Listing 12.02. The court does not have the benefit of the Commissioner's findings as to the applicability of that listing to Duff's case. Given Duff's history of a closed head injury and subsequent mental impairments, the court cannot find that the Commissioner's decision not to evaluate Duff under Listing 12.02 is supported by substantial evidence. Evidence of a traumatic brain injury and subsequent mental difficulties exists in the record, and remand for consideration of Listing 12.02 appears appropriate to the court.

An appropriate Order will be entered.

Entered: January 31, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge